**UNITED STATES of America,
Plaintiff,**

v.

**Richard ZARANEK, Defendant.**

**No. CIV. 05–80676.**

United States District Court,
E.D. Michigan,
Southern Division.

March 27, 2006.

---

Michael Bullotta, Rita E. Foley, U.S. Attorney's Office (Detroit), Detroit, MI, for Plaintiff.

Domnick J. Sorise, Detroit, MI, for Defendant.

### *OPINION ON CORRECT CALCULATION OF THE SENTENCING GUIDELINE RANGE*

FEIKENS, District Judge.

Defendant Zaranek pleaded guilty to embezzlement and money laundering in October 2005, and I sentenced him to serve 31 months in prison on March 2, 2006. I write now to explain my guideline calculation that underlies that sentence, namely, a guideline range of 27–33 months.

## FACTUAL BACKGROUND

In preparation for the sentencing, the probation department, the defense, and the prosecution all submitted their calculation of what the proper offense level and thus sentencing guideline range would be. The defense calculated a total offense level of 17, resulting in a guideline range of 24–30 months. (Answer and Objections to

Presentence Report, December 21, 2005, 7.) The government calculated a total offense level of 18, resulting in a guideline range of 27–33 months. (Sentencing Memorandum of Feb. 17, 2006, 1–4.) The probation department calculated a total offense level of 19, resulting in a guideline range of 30–37 months. (Presentence Report and Addendum ¶ 62–63.) The plea agreement allowed Defendant to argue for 24 months, but allowed for a maximum of 27–33 months. (Plea Agreement, October 27, 2005, 5–6.)

The following table sets out the rationales for the different calculations:

| MONEY LAUNDERING CALCULATION | Probation Calculation | Prosecution Calculation | Defendant Calculation |
|---|---|---|---|
| Base offense level | 18 (6 + 12) | 19 (7 + 12) | 18 (6 + 12) |
| Specific offense characteristic | 2 | 2 | 2 |
| Abuse of public trust | 2 | | |
| Acceptance of responsibility | –3 | –3 | –3 |
| Total offense level | 19 | 18 | 17 |
| Resulting Guideline Range (as limited by plea) | 30-33 months | 27-33 months | 24-30 months |

As the table shows, there are two differences in the calculations. First, the probation department and Defendant calculate a lower base offense level than the prosecution does. Second, the probation department adds an additional two-level adjustment for abuse of public trust that neither the prosecution nor Defendant applies.

## ANALYSIS

Although the guidelines are now advisory, what guidelines apply, and therefore what sentence range is recommended, must be correctly determined at the time of sentencing. *United States v. Davis*, 397 F.3d 340, 345 (6th Cir.2005). As discussed below, the base offense level calculation difference appears to center around the question of whether money laundering is an "offense referenced" to guideline § 2B1.1—if it is, then the prosecution is correct; if not, the probation department and Defendant are correct. (U.S. Sentencing Guideline Manual § 2B1(a)(1) (2005).) The difference on the abuse of trust calculation depends on whether the abuse of trust enhancement is already included in the base offense or specific offense characteristic; if so, then the prosecution and Defendant are right not to "double count" it, but if not, the probation department is correct to include it.

## A. Whether § 2B1.1(a) Is Referenced

■ The money laundering count is brought under 18 U.S.C. § 1956, which Appendix A to the Sentencing Guidelines specifies is sentenced under U.S. Sentencing Guideline Manual § 2S1.1 (2005). That provision instructs that the base offense level is calculated by determining the underlying offense from which the laundered funds were derived, if the defendant committed the underlying offense. (U.S. Sentencing Guideline Manual § 2S1.1(a)(1) (2005).) All parties' calculations begin by applying that provision: since embezzlement is the underlying offense committed by Defendant, according to Appendix A, he is sentenced under U.S. Sentencing Guideline Manual § 2B1.1. (U.S. Sentencing Guideline Manual app. A (2005).) This brings me to the phrase in the sentencing

guidelines that is being interpreted differently:

(a) Base Offense Level

(1) 7, if (A) the defendant was convicted of an offense referenced to this guideline [ . . . ] or

(2) 6, otherwise.

U.S. Sentencing Guideline Manual § 2B1.1(a) (2005).

The prosecution selected seven, implying it interprets the phrase "referenced to this guideline" to encompass the situation here, where the Appendix references a different sentencing guideline that in turn implicitly references § 2B1.1. The probation department and Defendant selected six, implying they interpret the phrase to require a more direct reference—for instance, that the reference must be explicit, or even must be listed in Appendix A as the guideline that governs sentencing of a particular offense. There is no comment addressing which of these interpretations is correct. In addition, no cited case law for either interpretation was provided by the parties, and I have found none in any circuit. Thus, it appears this is an issue of first impression.

I believe the guideline could be reasonably interpreted either way. Thus, the "rule of lenity" applies. The Supreme Court teaches that it has "long held that, when confronted with 'two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language.'" *Pasquantino v. United States*, 544 U.S. 349, 125 S.Ct. 1766, 1787, 161 L.Ed.2d 619 (2005) (citing *McNally v. United States*, 483 U.S. 350, 359–60, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987)). Since the language is not definite, and the probation department and Defendant's interpretation is the less harsh one in its effect, I find the correct base level is six.

### B. Whether Abuse of Trust is Already Included

■ The probation department relies on the Sixth Circuit case *United States v. Young* to argue that adding an abuse of trust enhancement is not doubly penalizing Defendant for the same conduct. 266 F.3d 468 (2001). In *Young*, the court upheld a district court's application of an abuse of trust enhancement to a money laundering count involving a city manager's embezzlement of public funds for personal expenditures. *Id.* Finding that the defendant had a position of managerial authority, and had abused the public trust inherent in that position to significantly facilitate money laundering, the Sixth Circuit found it was appropriate to apply that enhancement. *Id.* at 478. Here, Defendant was a school principal who abused the public trust inherent in that position to significantly facilitate money laundering, so this precedent applies. I adopt the probation department's position on this issue, adding the two-level enhancement.

### C. Correct Sentencing Guideline Calculation

Applying both these decisions, therefore, I find the following calculation to be the correct one to use in this circumstance:

| MONEY LAUNDERING CALCULATION | Recommended Calculation |
| --- | --- |
| Base offense level (§ 2B1.1(a)(1) or (2) and § 2B1.1(b)) | 18 (6 + 12) |
| Specific offense characteristic | 2 |
| Abuse of public trust (§ 3B1.3) | 2 |

| | |
|---|---|
| Acceptance of responsibility | –3 |
| Total offense level | 18 |
| Resulting Guideline Range | 27–33 months |

## D. Factors in Sentencing

■ The government requested I sentence Defendant to 33 months; Defendant requested a departure down to 24 months. I sentenced Defendant to 31 months. The factors I must consider in sentencing are listed in 18 U.S.C. § 3553(a), and I discuss the first two factors now.[1]

Defendant held a position much valued in the community, and the essence of his crime is that he used it to steal large amounts of money from schoolchildren. This is a serious offense, and in order to ensure respect for law and adequate deterrence, a sentence closer to the maximum of the range is appropriate. However, Defendant has offered evidence that he has been a devoted member of his family and church, and has donated his time to many good causes. (Feb. 23, 2006 submissions.) Thus, although a sentence at the high end of the range is necessary to protect the public, provide Defendant a sufficient length of time to appreciate the seriousness of his crime, and correct his future conduct, a just sentence should take into account his characteristics. 28 U.S.C. § 3553(a). Therefore, the sentence of 31 months is appropriate under the law.

## CONCLUSION

The correct sentencing guideline for Defendant was 27–33 months, which I applied when sentencing him to 31 months of imprisonment on March 2, 2006.

---

1. The remaining factors have already been considered in the discussion of the correct guidelines, with the exception of restitution. This Opinion regards the term of imprisonment only. 18 U.S.C. § 3553(a).